UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

C. WILLIAM CURTIS, on Behalf of the )
Estate of Daniel Linsinbigler, Deceased, )
                                                       )
               Plaintiff,      )    CASE NO: 3:13-cv-1352
                                                       )
v.                                                       )    JUDGE: JAMES R. KLINDT
                                                       )
RICK BESELER, et al,                  )
                                                       )
               Defendants.     )
_____)

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | February 12, 2014 |
| Certificate of Interested Persons and Corporate Disclosure Statement | Completed by Plaintiff; to be completed by Defendant by: January 10, 2014 |
| Motions to Add Parties or to Amend Pleadings | April 8, 2014 |
| Disclosure of Expert Reports<br>Plaintiff:<br>Defendant: | August 20, 2014<br>October 20, 2014 |
| Discovery Deadline: | December 22, 2014 |
| Dispositive Motions, *Daubert*<br>[Court requires 4 months or more before trial term begins] | January 10, 2015 |

| | |
|---|---|
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **April 2015** |
| **Mediation Deadline:**<br><br>**Mediator:**<br>**Address:**<br><br>**Telephone:**<br><br>[Mediation is <u>mandatory</u> in most Track two cases; Court recommends either 2 – 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of Certified mediators is available on the Court's website and from the Clerk's Office.] | **December 21, 2014**<br><br>**To be determined.** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes____**<br>**No  X  ** |

I.   **Meeting of Parties in Person**

Lead counsel shall meet *in person* or, upon agreement of all parties, by telephone.

(If all parties agree to conduct the case management conference by telephone, he may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on January 7, 2014 at 1:30 p.m. attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| Michael D. Marrese, Esquire | Plaintiffs |
| Thomas D. Robenalt, Esquire | Plaintiffs |
| Keith C. Tischler, Esquire | Defendants |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Bruce Bogan, Esquire                                    Defendants

**II.      Preliminary Pretrial Conference**

Local Rule 3.05©(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Two and Track Three cases.**

Track Two cases: Parties ____ request _X_ do not request a preliminary pretrial conference before entry a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such conference include:

_____

_____

_____

**III.     Pre-Discovery Initial Disclosure of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) – (D) Disclosures**

The parties [ __ ] have exchanged [_x_] agreed to exchange information described in Fed.R.Civ.P.26(a)(1)(A)- (D) on or by February 15, 2015.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

**A.      Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within fourteen (14) days from that party's first appearance a Certificate of

Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not

<u>already filed and served the required certificate is required to do so **immediately.**</u> Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

### B. Discovery Plan/Deadline

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties

agree as follows: _____ \_\_\_\_\_

_____

### C. Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the

designation of materials as "confidential" The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. <u>See</u> Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties

agree as follows: <u>The parties agree to the confidentiality of the information deemed not to be a public record under the provisions of Florida law that might be found in the official records of Defendant, including, but not limited to, the home addresses, social security numbers and other information subject to the exclusions found in state or federal law.</u>

      D.      Disclosure or Discovery of Electronically Stored Information and
Assertion of Claims of Privilege

Pursuant to Fed.R.Civ.P. 26(f) (3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

<u>The parties agree that disclosure and production of electronic data will be limited to data reasonably available in the ordinary course of business in a format generally utilized or capable of being utilized by the producing party and that reasonable measures will be taken to preserve potentially discoverable data, to the extent the identity of that data can be determined based upon the pleadings and present discovery requests. Inadvertent production of privileged information will result in that information being returned to the producing party without copying or otherwise</u>

<u>retaining the information by the produced to party.</u>

**V.    Mediation**

Absent a Court order to the contrary. the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at <u>www.flmd.uscourts.gov.</u> If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.   Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

_____

_____

_____

_____

Date:   January 16, 2014

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

*/s/ Michael D. Marrese*

_____
Michael D. Marrese, Esquire
FBN 0544299
Morgan & Morgan Jacksonville, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:    (904) 398-2722
Facsimile:     (904) 398-2334
Attorneys for Plaintiffs

/S/*THOMAS D. ROBENALT*
_____
THOMAS D. ROBENALT (FBN 0969052)
**MELLINO ROBENALT LLC**
19704 Center Ridge Road
Rocky River, Ohio 44116
(440) 333-3800
Fax: (440) 333-1452
trobenalt@mellinorobenalt.com
Co-Counsel for Plaintiff
*Pro Hac Vice* Motion Pending


*/s/ Keith C. Tischler*
Keith C. Tischler [FBN 0334081]
JOLLY & PETERSON, P. A.
Post Office Box 37400
Tallahassee, FL 32315
Telephone: (850) 422-0282
Facsimile: (850) 422-1913
kct@jollylaw.com
Attorney for Defendants Sheriff, Waugh & Heaps